IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

BRANDON HURTADO                                                                                    PLAINTIFF
ADC #181495

v.                                            2:25-cv-00126-BSM-JJV

CRYSTAL RIVERS, Nurse,
LPN, East Arkansas Regional Unit; *et al.*                                              DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   INTRODUCTION

Brandon Hurtado ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC") who has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th

Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

## II.     DISCUSSION

Plaintiff says on April 7, 2025, he filed a grievance alleging Defendant Nurse Hatchett was allowing Defendant Nurse Rivers and another non-party nurse to throw away his sick call requests. (Doc. 2.) During his investigation, Defendant Medical Services Manager Jason Palmer found the grievance had no merit because Plaintiff was treated for abdominal pain and diarrhea on March 31, April 6, April 8, and April 10, 2025. (*Id*. at 7.) And, Plaintiff allegedly refused to be seen for sick call on April 4, 2025. (*Id*.) On appeal, Plaintiff said he had not refused sick call on April 4, 2025. At the final step of the grievance process, the Deputy Director ruled:

> A review of your electronic medical record indicates an encounter was entered at 1:47 pm for April 4, 2025 concerning your GI complaints, which was edited at 6:00 pm. A witness refusal was completed at 5:00 pm. Per security logs and video, Nurse Rivers did not enter Max 8 were you are housed until 5:44 pm. Per video footage, the only time a nurse stopped by your cell between 4:00 am and 5:00 pm was during pill call, at which time no completion of forms was noted. Due to these findings, this appeal is with merit.

(*Id*.)

Plaintiff says Defendant Rivers violated his constitutional right to receive adequate medical care by violating ADC protocols and "falsifying documentation." (*Id*. at 5.) He also claims Defendant Hatchett failed to properly supervise Defendant Rivers and Defendant Palmer did not conduct a proper investigation of his initial grievance. Although these allegations are concerning, I conclude they fail to rise to the level of a constitutional violation for several reasons.

2

First, prisoners do not have a constitutional right to enforce compliance with internal prison rule. *Beard v. Falkenrath,* 97 F.4th 1109, 1116 (8th Cir. 2024); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Nor do they have a constitutional right to have their grievances properly investigated or processed. *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Second, because there is no vicarious liability in § 1983 actions, Defendants Hatchett and Palmer cannot be held liable merely because they supervised an employee who allegedly violated his constitutional rights. *Iqbal,* 556 U.S. 676 (2009); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  Instead, to impose liability on supervisors, there must be facts suggesting they were aware of a widespread or persistent pattern of unconstitutional behavior that needed to be corrected. *Livers v. Schenck*, 700 F.3d 340, 356 (8th Cir. 2012); *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010).  And a single incident, as alleged in the Complaint, is insufficient. *Davis v. Buchanan Cnty., Missouri*, 11 F.4th 604, 624 (8th Cir. 2021).

Finally, and most importantly, to plead an Eighth Amendment claim there must be facts suggesting prison officials were deliberately indifferent to an objectively serious medical need. *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021).  According to the Complaint, Plaintiff was seen four times (March 31, April 6, April 8, and April 10) within a ten-day period in response to his requests for treatment for abdominal issues, which is not deliberate indifference.  *See Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009) ("The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish"); *Jones v. Faulkner Cnty., Arkansas*, 131 F.4th 869, 875 (8th Cir. 2025) ("Even if, in hindsight, [a defendant] could have done more, or done it faster, that alone does not amount to deliberate indifference'); *Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (no deliberate indifference when medical providers

treated a prisoner on numerous occasions). And, Plaintiff has not pled any facts suggesting he was harmed by the failure to be seen on April 4. *See Mason v. Corr. Med. Servs., Inc.,* 559 F.3d 880, 885 (8th Cir. 2009) (a prisoner must show harm to proceed with an inadequate medical care claim); *Robinson v. Hager,* 292 F.3d 560, 564 (8th Cir. 2002) (no plausible claim when a prisoner was not actually harmed by the failure to receive his medication); *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation").

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that;

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 27th day of June 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE